# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**SHIRLEY COOLEY,**
**ADC #709295**                                                                                             **PLAINTIFF**

**V.**                          **CASE NO. 1:17-CV-75-JM-BD**

**TAKEEM BOWMAN, Corporal**                                                           **DEFENDANT**
**McPherson Unit**

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge James M. Moody Jr. Any party may file written objections to this Recommendation. If objections are filed, they must be specific and must include the factual or legal basis for your objection. Objections must be received in the office of the Court Clerk within 14 days of this Recommendation.

If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.   Discussion:**

A.  Background

Shirley Cooley, an Arkansas Department of Correction ("ADC") inmate in the McPherson Unit, filed this lawsuit without the help of a lawyer under 42 U.S.C. § 1983 against Defendant Takeem Bowman. (Docket entry #2) Defendant Bowman has moved

for summary judgment on Ms. Cooley's claims. (#14) Ms. Cooley has responded, and the motion is ripe for review. (#18)

  B.  Standard

In a summary judgment, the Court rules in favor of a party before trial. A party is entitled to summary judgment if the evidence, viewed in a light most favorable to the party on the other side of the lawsuit, shows that there is no genuine dispute about any fact important to the outcome of the case. FED. R. CIV. P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 246 (1986).

  C.  Undisputed Factual History

Here, the important facts are not disputed. On June 20, 2017, around 9:20 a.m., "count time" was called at the McPherson Unit. According to ADC policy, no inmate movement may occur until all inmates are counted and an announcement is made that "count time" is over. (#16-2 at p.1) Further, according to ADC policy, "count time" may not last more than thirty minutes. (*Id.*)

During "count time" on the date and time the incident giving rise to this lawsuit, Ms. Cooley was in the beauty shop/salon area of the Unit. According to Ms. Cooley, three-to-four minutes after "count time" began, she felt an imminent wave of diarrhea. (#16-1 at p.12) She left the salon and approached Defendant Bowman in the hallway. (*Id.* at p.5) She told Defendant Bowman that she had "a case of diarrhea." (*Id.*) According to Ms. Cooley, she asked Defendant Bowman three times in a five-minute time period if she could use the restroom. (*Id.* at pp.5, 13) Even though Ms. Cooley had already been counted, Defendant Bowman told Ms. Cooley that she could not leave the salon during

2

"count time." (*Id.*)

The third time Ms. Cooley approached Defendant Bowman, he told her that if she did not return to the beauty shop he was going to "write [her] up." (*Id.* at p.6) Ms. Cooley then returned to the salon and asked if there was somewhere that she could use the restroom. (*Id.*) The inmates in the salon provided Ms. Cooley a trashcan lined with a plastic bag. Other inmates held aprons and a shower curtain around Ms. Cooley to provide some privacy. (*Id.*) She was then provided a roll of toilet paper. (*Id.*) After cleaning herself, Ms. Cooley tied the plastic trash bag and removed the waste from the salon. (*Id.* at p.8)

It is undisputed that there were no males present in the salon during the incident and that, after the incident, Ms. Cooley was able to finish getting her hair done in the salon. (*Id.* at pp.8-9)

    D.  Analysis

        1.  Sovereign Immunity

In his motion, Defendant Bowman first argues that, because Ms. Cooley was silent as to what capacity she was suing him in her complaint, she has sued him in his official capacity only. Because Ms. Cooley cannot recover money damages from Defendant Bowman in his official capacity, Defendant Bowman argues, her claims must be dismissed.

In response to Defendant Bowman's motion, Ms. Cooley explains that she is suing Defendant Bowman in both his official and individual capacity. (#18 at p.3) Therefore, Defendant Bowman is not entitled to dismissal of Ms. Cooley's claim on this basis. The

3

Court, however, recommends that Ms. Cooley's claims for money damages against Defendant Bowman in his official capacity be DISMISSED, with prejudice. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989) (a civil litigant cannot recover money damages from state actors sued in their official capacities).

2. Individual Immunity – Deliberate Indifference[1]

Ms. Cooley claims that Defendant Bowman violated the eighth amendment prohibition of "cruel and unusual punishment" by refusing to allow her to use the restroom. "Eighth Amendment protection extends to conditions of incarceration . . . ." *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017). To establish this constitutional violation, Ms. Cooley must prove that the alleged violation was "objectively [and] sufficiently serious" and that Defendant Bowman acted with a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal citations omitted). "[D]eliberate indifference requires a highly culpable state of mind approaching actual intent." *Choate v. Lockhart*, 7 F.3d 1370, 1374 (8th Cir. 1993). Defendant Bowman's state of mind "must be measured by [his] knowledge at the time in question, not by 'hindsight's perfect vision.'" *Schaub v. Vonwald*, 638 F.3d 905, 915 (quoting *Lenz v. Wade*, 490 F.3d 991, 993 n.1 (8th Cir. 2007)).

---

[1] Defendant Bowman also argues that Ms. Cooley's claims against him must be dismissed because she has failed to prove that she suffered any physical injury as a result of the alleged incident. While the Court agrees that Ms. Cooley could not recover any compensatory damages without a physical injury, she could recover nominal and/or punitive damages if she was able to prove the constitutional violation alleged.

4

In *Revels v. Vincenz*, 382 F.3d 870, 875 (8th Cir. 2004), an involuntarily committed psychiatric patient alleged that his eighth amendment rights were violated when he was forced to urinate on himself after a guard denied his request to use the restroom. The Eighth Circuit Court of Appeals explained that "the momentary deprivation of the right to use the bathroom, in the absence of physical harm or a serious risk of contamination, does not rise to the level of an Eighth Amendment violation." *Id*. (quoting *Knop v. Johnson,* 977 F.2d 996, 1013 (6th Cir. 1992) (holding that defendants' being required to urinate occasionally in their cells when officers were unavailable to take them to the toilet did not violate the Eighth Amendment); *Whitted v. Lazerson,* 1998 WL 259929, at *2 (S.D.N.Y. May 21, 1998) (alleged violation was not objectively serious where defendant repeatedly told inmate to wait a few more minutes to go to the toilet, eventually resulting in inmate's urinating on himself after waiting for an hour and a half)).

Here, Ms. Cooley clearly suffered humiliation from being forced to defecate into a trashcan, but the Court cannot conclude that Defendant Bowman's conduct violated Ms. Cooley's constitutional rights. Although Defendant Bowman might have been insensitive to Ms. Cooley's predicament, it is undisputed that he was acting in compliance with the ADC policy in conducting "count time."

Ms. Cooley has failed to come forward with any evidence to support a finding that Defendant Bowman possessed a "highly culpable mental state." While, in hindsight, a better practice would be to allow inmates facing such emergent situations the ability to use the bathroom, the Court must measure Defendant Bowman's mental state at the time

of the incident. Defendant Bowman specifically testified that he was "unaware that inmate Cooley had any medical condition that caused her to have bouts of diarrhea." (#16-2 at p.2) As a result, Ms. Cooley's deliberate indifference claim fails as a matter of law.[2]

### 3. Right to Privacy

To the extent that Ms. Cooley claims that Defendant Bowman violated her right to privacy, that claim also fails. The Eighth Circuit Court of Appeals has specifically held that "minimal intrusions on an inmate's privacy" may be "outweighed by institutional concerns." *Timm v. Gunter*, 917 F.2d 1093, 1102 (8th Cir. 1990). Such intrusions may include the surveillance of inmates "using the bathroom, showering, or sleeping in the nude." (*Id.*) The Eighth Circuit has further explained that "prisoners are entitled to very narrow zones of privacy, and circumstances may warrant the most invasive of intrusions into bodily privacy." *Hill v. McKinley*, 311 F.3d 899, 905 (8th Cir. 2002).

Here, it is undisputed that no males were present in the salon when Ms. Cooley was forced to use a trashcan for a toilet, and other female inmates kindly held aprons and a shower curtain around Ms. Cooley so that she could have some privacy. Based on these

---

[2] Defendant Bowman argues that he is entitled to qualified immunity on Ms. Cooley's deliberate-indifference claim. Because the Court finds that Ms. Cooley has failed to establish a constitutional violation, a detailed qualified-immunity analysis is not necessary in this Recommendation. Under the Eighth Circuit's ruling in *Revels v. Vincenz*, *supra*, discussed above, Defendant Bowman could not have been aware that his conduct violated Ms. Cooley's clearly established constitutional rights on the date of the incident.

facts, as well as the limited privacy rights of inmates, Defendant Bowman also is entitled to judgment as matter of law on this claim.

### III.   Conclusion:

The Court recommends that Defendant Bowman's motion for summary judgment (#14) be GRANTED. Ms. Cooley's claims should be DISMISSED, with prejudice.

DATED this 14th day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE